## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAKEYTIA RENEE ALLEN, XAVIERA DOBBINS, AALIYAH LEWIS, and HERMAN MURDEN,<br><br>**Plaintiffs,**<br><br>v.<br><br>EDWIN UTRERAS, Star #19901, in his individual capacity, ERIC CATO, Star #1321, in his individual capacity and the CITY OF CHICAGO,<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>) **CASE NO.**<br>)<br>)<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs Lakeytia Renee Allen, Xaviera Dobbins, Aaliyah Lewis and Herman Murden (collectively "Plaintiffs"), by and through their undersigned attorney, for their complaint against Defendants City of Chicago Police Officer Edwin Utreras ("Uteras"), Star #19901 and City of Chicago Police Sergeant Eric Cato ("Cato"), Star #1321, in their individual capacities, and Defendant City of Chicago, allege as follows:

1.      This is case of illegal search and seizure brought under 42 U.S.C. sec. 1983 by Plaintiffs against Defendants Utreras and Cato.

2.      The Plaintiffs are residents of the County of Cook in the State of Illinois.

3.      The Defendant, Utreras, is a City of Chicago police officer, employed by the City of Chicago, who was at all times acting within the scope of his employment and under color of state law.  Utreras is being sued individually.

4.      The Defendant, Cato, is a City of Chicago police sergeant, employed by the

City of Chicago, who was at all times acting within the scope of his employment and under color of state law. Cato is being sued individually.

5. The City of Chicago is a municipal corporation within the State of Illinois, and was, at all times material to this complaint, the employer of Defendants Utreras and Cato.

Facts

6. Prior to and on January 30, 2013, Plaintiffs resided in the 2nd floor apartment at 4012 S. King Drive (hereinafter Plaintiff's apartment).

7. On January 30, 2013, Uteras submitted a complaint seeking a search warrant.

8. Based on the complaint, a search warrant was issued authorizing the search of a person named Antoine Irby and the search of an apartment located at *4010* S. Martin Luther King Drive.

9. The warrant did not indicate that Utreras, Cato, or other police officers could conduct a search of the apartment in 4010 S. Martin Luther King Drive without knocking or announcing themselves prior to entering the apartment.

10. Neither Utreras nor Cato had a warrant to search Plaintiffs' apartment (which was located on the 2nd floor of 4012 S. King Drive) or any of the Plaintiffs.

11. Neither Utreras nor Cato had a legal basis to search Plaintiffs' apartment or any of the Plaintiffs.

12. On January 30, 2013, Utreras and Cato conducted a search, and led other officers in conducting a search, of the 2nd floor apartment located at 4012 S. Martin Luther King Drive at which the Plaintiffs resided and were present at the time of the search.

13. Neither Utreras nor Cato (nor any other officer) knocked or announced themselves

2

before entering Plaintiffs' apartment.

14.     Utreras, Cato, and the other police officers with them, were not identifiable as police officers by their appearance when they entered Plaintiffs' apartment.

15.     While conducting the search, the Plaintiffs were unlawfully seized in that they were placed in handcuffs for an extended period of time, had guns pointed at them, and were not free to leave.

16.     There was no legal basis to seize any of the Plaintiffs.

17.     During the search Utreras, Cato, and the other police officers with them, searched the Plaintiffs' rooms and personal belongings.

18.     Prior to entering Plaintiffs' apartment, Utreras and Cato knew or should have known that they did not have a warrant or other legal basis to search Plaintiffs' apartment based on numerous facts including but not limited to the fact that the warrant was not for Plaintiffs' apartment and the fact that the warrant otherwise failed to describe the place to be searched with sufficient particularity.

19.     Utreras and Cato were on notice that they may have been entering and searching the wrong apartment, based on the fact that Plaintiffs' apartment had a different address than the apartment listed in the warrant, Plaintiffs' apartment building contained multiple dwellings, and other facts relating to said their entry into Plaintiffs' apartment building and the search of Plaintiffs' apartment.

20.     Utreras and Cato continued to search and to lead other officers in a search of Plaintiffs' apartment and in the seizure of Plaintiffs, even after they knew or should have known that they were searching the wrong apartment.

21.     Utreras and Cato failed to reasonably execute the warrant in a reasonable manner.

22.     Utreras and Cato acted knowingly, intentionally, willfully and maliciously.

23.     As a result of the conduct of Utreras and Cato, Plaintiffs suffered violation of their constitutional rights, invasion of their privacy, bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, property damage and any other injuries inflicted by defendant.

24.     The court has jurisdiction under 28 U.S.C. secs. 1331, 1343 and 1367.

### COUNT I
**(Illegal Search and Seizure against Defendants Utreras and Cato on behalf of all Plaintiffs)**

25.     Plaintiffs reallege and incorporate herein paragraphs 1 through 24 above.

26.      Count I of this Complaint, arising under 42 U.S.C. sec. 1983, is against Defendants Utreras and Cato in their individual capacities.

27.     The actions of Defendants Utreras and Cato described herein violated Plaintiffs' rights to be free from unlawful search and seizure under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment to the United States Constitution.

28.     The acts of the Defendants were the direct and the proximate cause of the injuries suffered by Plaintiffs.

Wherefore, the Plaintiff asks that the Court grant the following relief to the Plaintiff:

a.      Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, property damage and any other injuries inflicted by Defendants;

b.      Punitive Damages against the individual defendants;

c.      Such injunctive, declaratory, or other relief as may be appropriate, including costs, attorney's fees and reasonable expenses as authorized by U.S.C. sec. 1988, and prejudgment and postjudgment interest.

## COUNT II
**(Indemnification against Defendant City of Chicago on behalf of all Plaintiffs)**

29.     Plaintiffs reallege and incorporate herein paragraphs 1 through 28 above.

30.     Count II of this Complaint is an Illinois statutory claim against Defendant City of Chicago.

31.     The City of Chicago is the employer of Defendants Utreras and Cato.

32.     Utreras and Cato committed the acts alleged above under color of state law and in the scope of their employment as employees of the City of Chicago.

Wherefore, should Defendant Utreras and/or Defendant Cato be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, and any other applicable state law, Plaintiff requests that the Court find that the Defendant City of Chicago is liable for any judgment Plaintiff obtains against Defendant Utreras and/or Defendant Cato, as well as for all attorney's fees and costs, and other relief awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL CLAIMS
TO WHICH THEY ARE SO ENTITLED.**

Respectfully submitted,

**s/ Robert R. Cohen**
Plaintiff's Attorney

Robert R. Cohen
ARDC No. 6193698
rcohen@frankelandcohen.com
Frankel & Cohen
53 W. Jackson Blvd., Suite 1615
Chicago, Illinois 60604
(312) 759-9600

Date: January 30, 2015